UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JAMAL REYES, *pro se*,  :
 : **SUMMARY ORDER**
   Petitioner, : 10-CV-4271 (DLI)
 :
   -against- :
 :
PEOPLE of the State of New York, :
 :
   Respondent. :
----------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

By petition dated September 15, 2010, *pro se*[1] petitioner Jamal Reyes seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reason set forth below, this court has determined that it lacks jurisdiction over this petition. Accordingly, the instant petition for a writ of habeas corpus is denied.

## BACKGROUND

Petitioner challenges his July 11, 2000 conviction, entered in the Supreme Court of the State of New York, ("Supreme Court"), Kings County, pursuant to a guilty plea, for attempted criminal sale of a controlled substance in the fifth degree. (*See* Petition ¶¶ 1-2, 4-6.) He was sentenced to a period of one and one-half to three years of imprisonment. (*See* Petition ¶ 3.) Petitioner did not immediately file an appeal in state court. (*See* Petition ¶ 8.) On December 6, 2002, Petitioner was discharged from parole on this conviction. (*See* Docket Entry No. 3, Affidavit of Ann Bordley ("Bordley Aff.") ¶¶ 17, 18.) On April 21, 2006, Petitioner was

---

[1] In reviewing plaintiff's petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

convicted in the United States District Court for the Eastern District of Virginia on one count of possession with intent to distribute heroin. (*See* Petition ¶ 17.) He was sentenced to a period of 175 months of imprisonment, on which he is currently incarcerated. (*See* Bordley Aff. ¶ 19.)

While in federal custody on his subsequent federal conviction, Petitioner filed several post-conviction motions for relief from his prior state conviction. On April 18, 2007, he filed a motion in Kings County Supreme Court pursuant to N.Y. C.P.L. § 440 ("440 motion"), to set aside his July 11, 2000 guilty plea "on the grounds that the plea was not knowingly, voluntarily, or intelligently entered into," and trial counsel provided ineffective assistance. *See People v. Reyes*, 20 Misc.3d 1128(A) (N.Y. Sup. Ct. July 21, 2008). While this motion was pending, Petitioner filed a petition for mandamus relief in this court, asking the court to compel the Supreme Court to enter a decision on his pending motion. This court dismissed that petition on May 19, 2008. *Reyes v. New York*, 2008 WL 2120783 (E.D.N.Y. May 19, 2008). The Kings County Supreme Court subsequently denied Petitioner's 440 motion on July 21, 2008. 20 Misc.3d 1128(A). He filed a second 440 motion on January 5, 2009, which was denied on May 27, 2009. (*See* Petition ¶ 11(b).) Thereafter, he filed a motion for a writ of error coram nobis in the Appellate Division, Second Department, on September 30, 2009, which was denied on August 2, 2010. (*See* Petition ¶ 11(c).)

In the instant petition, Petitioner argues that his 2000 state court conviction was unconstitutional because (i) trial counsel provided ineffective assistance and the trial court erred by encouraging and accepting an allegedly involuntary plea, and (ii) trial counsel provided ineffective assistance by failing to file an appeal on Petitioner's behalf. Petitioner asserts that this prior state court conviction has continuing consequences because it formed the basis for a sentence enhancement applied to his current federal sentence. (Petition ¶ 18.)

On June 1, 2011, in response to this court's April 15, 2011 and May 25, 2011 Orders to Show Cause,[2] Respondents filed a limited answer to the instant habeas petition addressing whether Petitioner satisfies the "in custody" requirement of Section 2254 for the conviction Petitioner challenges here. (*See* Docket Entry No. 3.)

## DISCUSSION

The federal habeas statute gives the court jurisdiction to review petitions for habeas relief only from persons who are "*in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). Thus, to proceed on a petition for a writ of habeas corpus, a petitioner must make a threshold showing that he or she is " 'in custody' under the conviction or sentence under attack at the time [the] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). Thus, a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng*, 490 U.S. at 491-92.

Here, Petitioner challenges a conviction for which he was discharged from parole on December 6, 2002. (Bordley Aff. ¶ 17, 18.) Thus, at the time Petitioner filed this petition on September 15, 2010, he was not in custody pursuant to the conviction that he now challenges. Although Petitioner argues that the length of the federal sentence he is currently serving was

---

[2] The court issued the second Order to Show Cause because Respondent had not yet appeared in this case and, thus, may not have received the court's first Order to Show Cause.

enhanced by his 2000 state court conviction, he now cannot challenge his old state conviction and expired sentence. *Maleng*, 490 U.S. at 492.

Moreover, even if the court were to construe the instant petition to be a challenge to the federal conviction for which Petitioner is currently incarcerated on the ground that his federal sentence was enhanced by the allegedly invalid 2000 state court conviction, the instant petition would still be barred because "[the] prior conviction used to enhance [petitioner's] federal sentence is no longer open to direct or collateral attack in its own right," and none of the limited exceptions to this rule are applicable here. *See Coss*, 532 U.S. at 402, 404-08 (quoting *Daniels v. United States*, 532 U.S. 374 (2001)).

Therefore, the instant petition is dismissed because Petitioner has failed to satisfy the "in custody" requirement of Section 2254(a) and, consequently, the court does not have jurisdiction to decide it. As a result, the court need not address the merits of the petition.

## **CONCLUSION**

For the reasons set forth above, the instant petition for writ of habeas corpus is denied. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June 7, 2011

/s/
DORA L. IRIZARRY
United States District Judge