```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JAMAL REYES, pro se,                          :
                                              :          **SUMMARY ORDER**
                              Petitioner,     :           10-CV-4271 (DLI)
                                              :
              -against-                       :
                                              :
PEOPLE of the State of New York,              :
                                              :
                              Respondent.     :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

By petition dated September 15, 2010, *pro se*[1] petitioner Jamal Reyes seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 7, 2011, this court entered an order denying the petition for writ of habeas corpus because Petitioner failed to meet the "in custody" requirement of 28 U.S.C. § 2254. On June 10, 2011, a letter from Petitioner dated June 6, 2011, was docketed in this action in reply to Respondent's limited answer to the petition regarding the "in custody" requirement. As it appears that the delivery of this letter has crossed paths with this court's June 7, 2011 Order, the court will address Petitioner's arguments in reply herein.[2]

"[T]he defendant generally may not challenge the enhanced sentence through a petition under Section 2254 on the ground that the prior conviction was unconstitutionally obtained" where the "state conviction is no longer open to direct or collateral attack in its own right

---

[1] In reviewing plaintiff's petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Familiarity with the court's June 7, 2011 Order denying the petition for writ of habeas corpus, including the facts and background of this matter as set forth therein, is assumed and, thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth herein.

1

because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 404-05 (2001). However, there is an exception to that general rule where the state court failed to appoint counsel for the defendant in violation of the Sixth Amendment. *Id.*

Petitioner is currently incarcerated pursuant to a sentence imposed on a federal conviction. Petitioner's prior state conviction, for which he already completed a term of imprisonment, served as a sentencing guideline enhancement in the federal matter. As more fully discussed in the court's June 7, 2011 Summary Order, Petitioner is not challenging the federal conviction, but rather challenges the state conviction that served as a sentencing enhancement. Petitioner argues that trial counsel's failure to comply with Petitioner's request that a notice of appeal be filed in the state court case constitutes a violation of the Sixth Amendment and, thus, an exception to the general rule regarding challenging an enhanced sentence. However, because Petitioner is <u>not</u> in custody pursuant to the state conviction, which preceded the federal conviction for which he <u>is</u> currently in custody, Petitioner's argument concerning enhanced sentences is an improper basis upon which to challenge his state court conviction by bringing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Furthermore, even if Petitioner was challenging the federal conviction on the grounds that he received an enhanced sentence due to the allegedly improper state conviction, the exception to the general rule regarding challenging enhanced sentences would not apply. The type of error discussed in *Coss* that warrants an exception pursuant to a violation of the Sixth Amendment is for "failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Here, Petitioner admittedly had counsel. Although Petitioner argues that his counsel provided

ineffective assistance, such a claim does not state a *Gideon*[3] violation of the Sixth Amendment right to counsel, thus, the *Coss* exception to the "in custody" requirement does not apply. *See Facen v. Cully*, 2011 WL 2133024, at *6 (W.D.N.Y. May 31, 2011).

Therefore, for the reasons set forth above and in the court's June 7, 2011 Order, the instant petition for writ of habeas corpus is denied. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
 July 7, 2011

/s/
DORA L. IRIZARRY
United States District Judge

---

[3] *Gideon v. Wainwright*, 372 U.S. 335 (1963).